

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

SHERMAN DIVISION

| | | |
|---|---|---|
| STANLEY MARK PARSON, #1281435 | § | |
| VS. | § | CIVIL ACTION NOS. 4:08cv177 *Consolidated with* 4:08cv189 |
| DIRECTOR, TDCJ-CID | § | |

REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Petitioner Stanley Mark Parson, a Texas prison inmate, filed this *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The petition was referred for findings of fact, conclusions of law, and recommendations for the disposition of the case.

Background

Petitioner is complaining about his Lamar County convictions for aggravated assault with a deadly weapon, enhanced by two prior convictions. Cause Numbers 20515, 20516. A jury found him guilty on each charge, found the enhancement paragraphs to be true, and sentenced him to ninety-nine years' confinement on February 3, 2005. The Sixth Court of Appeals affirmed his convictions on March 10, 2006. *Parson v. State*, 193 S.W.3d 116 (Tex. App.–Texarkana 2006, pet. ref'd). After dismissing his first set of PDRs for the failure to properly file them, the Texas Court of Criminal Appeals then refused his properly filed PDR on November 1, 2006. PDR No. PD-0667-06. Petitioner then filed state writs of habeas corpus, which were denied without written order on

1

May 7, 2008.

Petitioner filed two federal habeas applications on May 13, 2008. Both applications state that he is challenging his conviction in cause number 20515. It appears, however, that he actually intended to challenge his conviction in cause number 20516 as well.

Petitioner alleges several grounds for relief based on ineffective assistance of counsel. Specifically, he alleges that trial counsel failed to:

1. Convey the State's plea bargain offer;

2. Subpoena and call expert witnesses at trial;

3. Call or subpoena witnesses during the punishment phase of the trial; and

4. Object to the admissibility of a recording of a conversation between himself and his wife as improperly edited.

The Government provided a Response, asserting that Petitioner's claims are without merit. Petitioner filed a Reply to the Government's Response.

## Statement of Facts

The opinion of the Sixth Court of Appeals provides the background leading to Petitioner's conviction:

> The evidence shows that, while Parson was drinking himself into a near stupor at his home, his wife, Waynell Parson, and his sixteen-year-old stepson, Richard Havner, went next door to the home of Waynell's [FN2] sister-in-law, Terry McCloud. Parson telephoned next door and told Waynell and her son to return home. They did, and an argument ensued between Parson and Waynell, which escalated when Waynell and Havner tried to leave once more. There is evidence that Havner exited the house, but when Waynell attempted to leave, Parson got a gun and pushed Waynell back into the house, injuring her in the process. There are also statements in evidence made by Waynell and Havner that Parson pointed the gun at them and threatened them. The evidence further shows that Waynell and Havner managed to retreat to McCloud's house, where an emergency call was placed to the Lamar County sheriff's office.

2

When officers arrived, they spent over two hours attempting to locate Parson. They finally found him behind his house, beside a small chicken coop and under a bush, unconscious, and with two rifles nearby.

> FN2. We refer to Parson's wife by her first name to distinguish her from her husband.

At trial, Waynell and Havner recanted their prior statements to the officers and recanted their grand jury testimony, and testified Parson never actually pointed a weapon at them. Parson was convicted of aggravated assault by pushing Waynell into a door while using a deadly weapon. He was also found guilty of aggravated assault by threatening Waynell while pointing a deadly weapon at her. In the other case, the jury found Parson guilty of aggravated assault by threatening Havner with imminent bodily injury while using a deadly weapon.

*Parson*, 193 S.W.3d at 119-20.

## Federal Habeas Corpus Relief

The role of federal courts in reviewing habeas corpus petitions by prisoners in state custody is exceedingly narrow. A person seeking federal habeas corpus review must assert a violation of a federal constitutional right. *Lowery v. Collins*, 988 F.2d 1354, 1367 (5th Cir. 1993). Federal habeas corpus relief will not issue to correct errors of state constitutional, statutory, or procedural law, unless a federal issue is also present. *Estelle v. McGuire*, 502 U.S. 62, 67-68, 112 S. Ct. 475, 479-80, 116 L. Ed.2d 385 (1991); *West v. Johnson*, 92 F.3d 1385, 1404 (5th Cir. 1996). In the course of reviewing state proceedings, a federal court does not sit as a super state appellate court. *Dillard v. Blackburn*, 780 F.2d 509, 513 (5th Cir. 1986).

The prospect of federal courts granting habeas corpus relief to state prisoners has been further limited by the Antiterrorism and Effective Death Penalty Act of 1996. The new provisions of Section 2254(d) provide that an application for a writ of habeas corpus "shall not be granted with

respect to any claim that was adjudicated on the merits in state court proceedings unless the adjudication of the claim: (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." *See Williams v. Taylor*, 529 U.S. 362, 402-03, 120 S. Ct. 1495, 1517-18, 146 L. Ed.2d 389 (2000); *Childress v. Johnson*, 103 F.3d 1221, 1224-25 (5th Cir. 1997). The statutory provision requires federal courts to be deferential to habeas corpus decisions on the merits by state courts. *Moore v. Cockrell*, 313 F.3d 880, 881 (5th Cir. 2002).

A decision by a state court is "contrary to" the Supreme Court's clearly established law if it "applies a rule that contradicts the law set forth in" the Supreme Court's cases. *Williams*, 529 U.S. at 405-06. A federal court's review of a decision based on the "unreasonable application" test should only review the "state court's 'decision' and not the written opinion explaining that decision." *Neal v. Puckett*, 286 F.3d 230, 246 (5th Cir. 2002) (*en banc*). "Under § 2254(d)(1)'s 'unreasonable application' clause, then, a federal habeas corpus court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Williams*, 529 U.S. at 411. Rather, that application must be objectively unreasonable. *Id.* at 409. The standard is satisfied only if "reasonable jurists considering the question would be of one view that the state court ruling was incorrect." *Davis v. Johnson*, 158 F.3d 806, 812 (5th Cir 1998) (internal quotation marks and citations omitted).

The trial court's factual findings are entitled to a presumption of correctness unless the petitioner can rebut the presumption with clear and convincing evidence to the contrary. *Valdez v.*

4

*Cockrell*, 274 F.3d 941, 947 (5th Cir. 2001). A federal district court must be deferential to state court findings supported by the record. *See Pondexter v. Dretke*, 346 F.3d 142, 149-152 (5th Cir. 2003). A state application that is denied without written order by the Texas Court of Criminal Appeals, as in the present case, is an adjudication on the merits. *Singleton v. Johnson*, 178 F.3d 381, 384 (5th Cir. 1999); *Ex parte Torres*, 943 S.W.2d 469, 472 (Tex. Crim. App. 1997) (holding a "denial" signifies an adjudication on the merits while a "dismissal" means the claim was declined on grounds other than the merits).

Ineffective Assistance of Counsel

Petitioner claims that his trial counsel was ineffective in several instances.

Legal Standard

A movant who seeks to overturn his conviction on the grounds of ineffective assistance of counsel must prove his entitlement to relief by a preponderance of the evidence. *James v. Cain*, 56 F.3d 662, 667 (5th Cir. 1995). In order to succeed on a claim of ineffective assistance of counsel, a movant must show that "counsel's representation fell below an objective standard of reasonableness," with reasonableness judged under professional norms prevailing at the time counsel rendered assistance. *Strickland v. Washington*, 466 U.S. 668, 688, 104 S. Ct. 2052, 2065, 80 L. Ed.2d 864 (1984). The standard requires the reviewing court to give great deference to counsel's performance, strongly presuming counsel exercised reasonable professional judgment. 466 U.S. at 690, 104 S. Ct. at 2066. The right to counsel does not require errorless counsel; instead, a criminal defendant is entitled to reasonably effective assistance. *Boyd v. Estelle*, 661 F.2d 388, 389 (5th Cir. 1981). *See also Rubio v. Estelle*, 689 F.2d 533, 535 (5th Cir. 1982); *Murray v. Maggio*, 736 F.2d

279 (5th Cir. 1984). Secondly, the movant "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694, 104 S. Ct. at 2068. Movant must "affirmatively prove," not just allege, prejudice. *Id.*, 466 U.S. at 693, 104 S. Ct. at 2067. If he fails to prove the prejudice component, the court need not address the question of counsel's performance. *Id.*, 466 U.S. at 697, 104 S. Ct. 2052.

Plea Bargain Offer

Petitioner asserts that his trial counsel failed to communicate a plea bargain offer to him. Specifically, he states that the State was willing to offer a sentence of five years probation in exchange for his plea of guilty. He claims that he only heard about this offer after it was no longer available to him.

Failure to inform a defendant of a plea offer may constitute ineffective assistance of counsel. *Teague v. Scott*, 60 F.3d 1167, 1170-71 (5th Cir. 1995). A petitioner who seeks to overturn his conviction on the grounds of ineffective assistance of counsel must prove his entitlement to relief by a preponderance of the evidence. *James v. Cain*, 56 F.3d 662, 667 (5th Cir. 1995). In order to succeed on a claim of ineffective assistance of counsel, petitioner must show that "counsel's representation fell below an objective standard of reasonableness," with reasonableness judged under professional norms prevailing at the time counsel rendered assistance.

Petitioner raised this claim in his state habeas proceedings. There, the trial court held a hearing in which Petitioner's trial counsel testified that he received the offer of five years probation along with the discovery packet from the State. He said that he immediately forwarded the complete

package to Petitioner. Trial counsel said that Petitioner was initially unwilling to accept any plea offers. However, after he was incarcerated, Petitioner requested that trial counsel request an offer from the district attorney. A different district attorney had been elected since the first plea offer had been extended. The new district attorney would offer only plea bargains involving jail time. The plea offer from the new district attorney was fifteen years' confinement. Petitioner did not accept any subsequent offers. Trial counsel also testified that he informed Petitioner of each offer.

The state habeas court considered this issue and found, "Mr. Biard [trial counsel] conveyed all plea offers from the State to Applicant who refused them. The written probation plea offer was relayed to the Applicant with the copies of discovery and forwarded to Applicant by U.S. Mail. There was no indication that the information was returned to Mr. Biard's office undelivered." In its findings, the state habeas court concluded, "Mr. Parsons is an intelligent man who could have well-represented himself. He understood the plea options available to him and chose not to accept a plea offer from the State." The court further concluded that trial counsel "was effective in his representation of Applicant."

Petitioner's claims are conclusory, and such claims are insufficient to entitle a habeas corpus petitioner to relief. *United States v. Woods*, 870 F.2d 285, 288 (5th Cir. 1989); *Schlang v. Heard*, 691 F.2d 796, 7 99 (5th Cir. 1982). Petitioner has failed to show that his counsel was ineffective. He has also failed to prove that there is a reasonable probability that, but for counsel's alleged unprofessional errors, the result of the proceeding would have been different. *Strickland*, 466 U.S. at 694, 104 S. Ct. at 2068. He is likewise not entitled to relief because he has not shown that the state court proceedings resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United

States, or that the decision was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding. *Williams*, 529 U.S. at 402-03; *Childress*, 103 F.3d at 1224-25.

Uncalled Witnesses

Petitioner next asserts that trial counsel was ineffective when he failed to call witnesses. Specifically, he complains that trial counsel did not call an expert witness during the guilt/innocence phase and mitigating witnesses during the punishment phase.

"[C]omplaints of uncalled witnesses are not favored, because the presentation of testimonial evidence is a matter of trial strategy and because allegations of what a witness would have testified are largely speculative." *Buckelew v. United States*, 575 F.2d 515, 521 (5th Cir.1978). Further, the presentation of witness testimony is essentially strategy and, thus, within the trial counsel's domain. *Alexander v. McCotter*, 775 F.2d 595, 602 (5th Cir.1985). A petitioner must overcome a strong presumption that his counsel's decision in not calling a particular witness was a strategic one. *Maggio*, 736 F.2d at 282. Where "the only evidence of a missing witness's testimony is from the defendant," claims of ineffective assistance are viewed with great caution. *United States v. Cockrell*, 720 F.2d 1423, 1427 (5th Cir.1983), *cert. denied*, 467 U.S. 1251, 104 S. Ct. 3534, 82 L. Ed.2d 839 (1984). Moreover, to succeed on the claim, Petitioner must have shown that had counsel investigated, he would have found witnesses to support the defense, that such witnesses were available, and had counsel located and called these witnesses, their testimony would have been favorable and they would have been willing to testify on Petitioner's behalf. *Alexander*, 775 F.2d at 602; *Gomez v. McKaskle*, 734 F.2d 1107, 1109-10 (5th Cir. 1984), *cert. den.*, 469 U.S. 1041

(1984). Conclusory claims are insufficient to entitle a habeas corpus petitioner to relief. *Woods,* 870 F.2d at 288; *Schlang*, 691 F.2d at 799.

In the instant case, this Court first notes that Petitioner does not provide the information about which the uncalled witnesses would have testified. He does not provide affidavits of the uncalled witnesses that stated they were ready, willing, and able to testify at his trial. He does not reveal the content of what their testimony would have been and how such testimony would have been favorable to his defense. Unsupported assertions are not sufficient to overcome the strong presumption that the decision to not call the witnesses was not a trial strategy. *Alexander*, 775 F.2d at 602; *Murray*, 736 F.2d at 282. Furthermore, Petitioner has failed to overcome the strong presumption that his counsel's decision in not calling a particular witness was a strategic one. *Murray* , 736 F.2d at 282. Petitioner also failed to prove that there is a reasonable probability that, but for counsel's alleged unprofessional errors, the result of the proceeding would have been different. *Strickland*, 466 U.S. at 694, 104 S. Ct. at 2068.

The state habeas court also considered this issue. In its findings, it noted, "Mr. Biard retained the services of Dr. Joann Ondrovik and David Hamilton to explore the issue of Battered Women's Syndrome. They advised Mr. Biard that Battered Women's Syndrome is a recognized psychological condition and, after consultation with them, Mr. Biard did not call them at trial for the defense." The court further concluded, "Mr. Biard properly handled the issues of expert testimony in the Guilt Innocence Trial and mitigation witnesses in the Punishment Trial." Petitioner is likewise not entitled to relief because he has not shown that the state court proceedings resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States, or that the decision was based on an

unreasonable determination of the facts in light of the evidence presented in the State court proceeding. *Williams*, 529 U.S. at 402-03; *Childress*, 103 F.3d at 1224-25.

Failure to Object

Petitioner finally asserts that trial counsel was ineffective for failing to object when the State played a recording of a conversation between Petitioner and his wife. Specifically, he claims that the State somehow edited the recording and that it did not accurately reflect the actual tenor of the conversation.

The failure to object does not constitute deficient representation unless a sound basis exists for objection. *See Emery v. Johnson*, 139 F.3d 191, 198 (5th Cir. 1997) (a futile or meritless objection cannot be grounds for a finding of deficient performance). Even with such a basis, however, an attorney may render effective assistance despite a failure to object when the failure is a matter of trial strategy. *See Burnett v. Collins*, 982 F.2d 922, 930 (5th Cir. 1993) (noting that a failure to object may be a matter of trial strategy as to which courts will not second guess counsel). Failure to make frivolous objections does not cause counsel's performance to fall below an objective level of reasonableness. *See Green v. Johnson*, 160 F.3d 1029, 1037 (5th Cir. 1998). On habeas review, federal courts do not second-guess an attorney's decision through the distorting lens of hindsight, but rather, the courts presume that counsel's conduct falls within the wide range of reasonable professional assistance and, under the circumstances, that the challenged action might be considered sound trial strategy. *Strickland*, 466 U.S. at 689, 106 S. Ct. at 2471.

This issue was also before the state habeas court. Trial counsel, at the state habeas hearing, stated that he did not recall Petitioner telling him that the recording had been improperly edited.

Furthermore, there was no indication in the reporter's record that Petitioner ever informed trial counsel of his belief. Petitioner has failed to offer any evidence in support of his claim, other than his conclusory allegation. Conclusory claims are insufficient to entitle a habeas corpus petitioner to relief. *Woods*, 870 F.2d at 288; *Schlang*, 691 F.2d at 799.

The state habeas court found that "[t]here is no evidence that the audio recording of the conversation between Applicant and the victim played during the trial was edited in any manner. Mr. Biard testified that Applicant did not complain of any irregularities in the recording at that time." The court further noted, "Mr. Biard testified that the Applicant did not provide him with names and contact information of potential witnesses for the punishment stage of the proceedings. Therefore, he could not investigate that aspect for mitigation purposes in the punishment phase." It also concluded that trial counsel "was effective in his representation of Applicant."

Petitioner has failed to show that his counsel was ineffective. He has also failed to prove that there is a reasonable probability that, but for counsel's alleged unprofessional errors, the result of the proceeding would have been different. *Strickland*, 466 U.S. at 694, 104 S. Ct. at 2068. He is also not entitled to relief because he has not shown that the state court proceedings resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States, or that the decision was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding. *Williams*, 529 U.S. at 402-03; *Childress*, 103 F.3d at 1224-25.

## Conclusion

In each of his ineffective assistance of counsel claims, Petitioner has failed to show that there

is a reasonable probability that, but for counsel's alleged unprofessional errors, the result of the proceeding would have been different. *Strickland*, 466 U.S. at 694; 104 S. Ct. at 2068. He has also failed to show that the state court proceedings resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States, or that the decision was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding. *Williams*, 529 U.S. at 402-03, 120 S. Ct. at 1517-18; *Childress*, 103 F.3d at 1224-25. Accordingly, his petition should be dismissed.

Certificate of Appealability

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(A). Although Petitioner has not yet filed a notice of appeal, it is respectfully recommended that this Court, nonetheless, address whether he would be entitled to a certificate of appealability. *See Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000) (A district court may *sua sponte* rule on a certificate of appealability because "the district court that denies a petitioner relief is in the best position to determine whether the petitioner has made a substantial showing of a denial of a constitutional right on the issues before the court. Further briefing and argument on the very issues the court has just ruled on would be repetitious.").

A certificate of appealability may issue only if a petitioner has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). The Supreme Court fully explained the requirement associated with a "substantial showing of the denial of a constitutional right" in *Slack v. McDaniel*, 529 U.S. 473, 484, 120 S. Ct. 1595, 1604, 146 L. Ed.2d 542 (2000). In cases

where a district court rejected a petitioner's constitutional claims on the merits, "the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.*; *Henry v. Cockrell*, 327 F.3d 429, 431 (5th Cir. 2003). "When a district court denies a habeas petition on procedural grounds without reaching the petitioner's underlying constitutional claim, a COA should issue when the petitioner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484.

It is respectfully recommended that reasonable jurists could not debate the denial of the Petitioner's § 2254 petition on procedural grounds, nor find that the issues presented are adequate to deserve encouragement to proceed. *Miller-El v. Cockrell*, 537 U.S. 322, 327, 123 S. Ct. 1029, 134, 154 L. Ed.2d 931 (2003) (citing *Slack*, 529 U.S. at 484). Accordingly, it is recommended that the Court find that the Petitioner is not entitled to a certificate of appealability as to his claims.

<u>Recommendation</u>

It is therefore recommended that the petition be dismissed with prejudice. It is further recommended that a certificate of appealability be denied.

Within fourteen (14) days after receipt of the magistrate judge's report, any party may serve and file written objections to the findings and recommendations contained in the report.

A party's failure to file written objections to the findings, conclusions and recommendations contained in this Report within fourteen days after being served with a copy shall bar that party from *de novo* review by the district judge of those findings, conclusions and recommendations and, except

on grounds of plain error, from appellate review of unobjected-to factual findings and legal conclusions accepted and adopted by the district court. *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*).

**SIGNED this 15th day of August, 2011.**

_____
DON D. BUSH
UNITED STATES MAGISTRATE JUDGE